UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 10 CR 00348 |
| v. ) | Hon. Suzanne B. Conlon |
| ) | |
| MICHAEL J. PALMIERI ) | |

**AGREED PROTECTIVE ORDER**

Upon the parties agreed motion for a protective order, if is hereby ORDERED as follows:

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, disclosure of discovery material or information contained therein to non-litigants is prohibited under the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

1. All materials provided as discovery (hereinafter "Discovery Materials"), which were produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to: applications, affidavits, and court orders for search warrants, investigators or agency reports, grand jury transcripts, witness statements, memoranda of interview, correspondence, computer disks, computer or electronic records, financial, phone and other records, tax returns, correspondence with the Internal Revenue Service, internal books and records of a witness's or defendant's business, bank records, and any documents and tangible objects provided by the government other than trial exhibits *(I. e.,* items actually admitted during the trial and made part of the record), shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendant, all such Discovery Materials and all copies made thereof shall be destroyed. All copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which they shall be returned to the United States Attorney's

Office or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. Such Discovery Materials provided by the United States may be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

3. Such Discovery Materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, persons who are interviewed or consulted during the course of the investigation of this case, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion. Any notes or other record of such materials of any kind that defense counselor the defendant may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendant's counsel, and persons employed to assist the defense, or such other persons as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

4. Such Discovery Materials shall not be copied or reproduced except as necessary to provide copies of the material for use by each defense attorney and defendant and such persons as are employed by them to assist in the defense, and all such copies and reproductions shall be treated in the same manner as the original matter.

5. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

6. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

ENTERED:

*Suzanne B. Conlon*
SUZANNE B. CONLON
United States District Judge

Dated: 5/27/2010